# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MORRIS WILLIS,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PAMELA DEMBE, et al.,** | : | **No. 15-3821** |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                            JULY 5, 2016

Morris Willis claims that his constitutional rights have been violated, alleging that no sentencing order related to his 1985 conviction for first degree murder exists.  He has sued three judges, the Philadelphia Court of Common Pleas, and the City of Philadelphia, demanding production of a copy of his sentencing order as relief.  The Defendants have moved to dismiss Mr. Willis's Complaint.  Because the Court will abstain from resolving this case on the strength of *Younger v. Harris*, 401 U.S. 37, 50-54 (1971), the Court will dismiss the entire case. Alternatively, even if *Younger* abstention was not mandated, the judicial officers and the Philadelphia Court of Common Pleas are immune from suit, making its pendency problematic to say the least.  Finally, Mr. Willis has not alleged any facts to support the potential liability of the City of Philadelphia.  Therefore, the Court will dismiss this case.

## BACKGROUND

On December 28, 1985, Morris Willis was convicted of first degree murder and sentenced to life imprisonment.  On May 9, 2013, Mr. Willis made a request under the Right to

Know Act, 65 P.S. §§ 67.101, *et seq.*, to receive the sentencing order related to his criminal conviction from the Pennsylvania Department of Corrections. However, rather than produce the order, the Department sent Mr. Willis an attestation stating that the Department of Corrections did not have a copy of his sentencing order in its records. Mr. Willis then commenced this 42 U.S.C. § 1983 action against the Defendants, who were the judicial officers involved with his criminal prosecution, conviction, and sentencing,[1] as well as the City of Philadelphia and the Philadelphia Court of Common Pleas. The action seeks the production of a valid sentencing order as well as invocation of other injunctive and declaratory relief. Mr. Willis alleges that he needs a copy of his sentencing order to mount an appeal of his sentence or to support his currently pending petition for a writ of *habeas corpus* before the Philadelphia Court of Common Pleas. Moreover, the Plaintiff alleges that the lack of sentencing order violates the Fifth, Sixth, and Fourteenth Amendments of the Constitution. The Defendants have filed motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[2]

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a

---

[1] Mr. Willis named three judicial officers as Defendants: the Honorable Pamela Dembe, the Honorable D. Webster Keogh, and the Honorable Albert F. Sabo.

[2] There are two pending motions to dismiss. The judicial officers and the Court of Common Pleas (hereinafter, "Court Defendants") filed one motion and the City of Philadelphia (hereinafter, "the City") filed its own motion.

formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and internal quotation marks omitted).

Additionally, a district court can grant a motion to dismiss pursuant to Rule 12(b)(1) based on the legal insufficiency of the claim. *Kalick v. United States*, 604 Fed. App'x. 108, 111 (3d Cir. 2015). In moving to dismiss a claim pursuant to Rule 12(b)(1), a party may challenge a

court's jurisdiction either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *Endl v. New Jersey*, 5 F.Supp. 3d 689, 695-96 (D. N.J. 2014). Dismissal under a facial challenge is proper "only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction… or is wholly insubstantial and frivolous." *Medtronic Vascular, Inc. v. Boston Sci. Corp*, 348 F.Supp. 2d 316, 321 (D. Del. Dec. 14, 2004) (internal quotation marks omitted). In this circumstance, a court must accept as true all of the allegations contained in the complaint. *Id.*

Where subject matter jurisdiction "in fact" is challenged, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself as to the power to hear the case." *Mortensen*, 549 F.2d at 891. In such an attack pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Where a defendant attacks a court's factual basis for exercising subject matter jurisdiction, the plaintiff must meet the burden of proving that jurisdiction is appropriate. *Id.*

**DISCUSSION**

The Court Defendants raise the issue of *Younger* abstention, pointing to a pending *habeas* petition in state court. Because a court must decide whether *Younger* abstention is applicable prior to addressing the merits, the Court will begin with that argument. *See Hicks v. Miranda*, 422 U.S. 332, 346 (1975).

    **I.**    *Younger* **Abstention**

This Court must dismiss this case under the doctrine of *Younger* abstention if (A) there is an ongoing judicial proceeding to which the federal plaintiff is a party and with which the federal

proceeding will interfere; (B) the state proceedings implicate important state interests; and (C) the state proceedings afford an adequate opportunity to raise the asserted claims. *Younger*, 401 U.S. at 50-54; *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003); *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 423-24 (1982)).

### A. Ongoing Judicial Proceeding

In order to invoke *Younger* abstention, there must be an ongoing state judicial proceeding. *See Anthony*, 316 F.3d at 418. The three categories of judicial proceedings which satisfy the *Younger* doctrine include (1) state criminal prosecutions; (2) certain "civil enforcement proceedings"; and (3) pending "civil proceedings involving certain orders…uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). Moreover, civil proceedings which are akin to criminal prosecutions fall within *Younger*. *Id.* at 593 (noting state ethics committee investigation is "akin" to criminal prosecution while the Iowa Utilities Board proceeding in *Sprint* is not "akin"); *see Middlesex*, 457 U.S. at 423-24 (state ethics committee investigation falls within *Younger*). Courts have interpreted this test to include pending state habeas actions. *See Heck v. Humphrey*, 512 U.S. 477, 487, n. 8 (1994) (noting "for example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings," and citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976) and its discussion of *Younger* abstention); *see, e.g., Shove v. Martel*, 510 Fed. App'x. 503, 503-04 (9th Cir. 2013) (§1983 claim was properly dismissed under *Younger* because plaintiff had a pending state habeas claim before the state supreme court). Thus, Mr. Willis's

pending habeas action constitutes an ongoing judicial proceeding for purposes of *Younger* abstention.

### B. Implicates Important State Interest

There must be an important state interest implicated by the federal action in order to invoke abstention. *See Anthony*, 316 F.3d at 418. State interests within the context of *Younger* have generally included state judicial processes. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 4-6 (1987) (post-judgement collections); *Juidice v. Vail*, 430 U.S. 327, 328-30 (1977) (contempt citations). Mr. Willis's request for the production of the sentencing order and his related constitutional claims, which are directed at the state court itself, clearly implicate compelling state interests in the integrity and independence of Pennsylvania's own judicial procedures.

### C. Opportunity to Raise the Claim

Finally, a plaintiff must have the ability to avail himself of another avenue to raise the federal claim in the state judicial system. *See Anthony*, 316 F.3d at 418. In *White v. Pennsylvania*, 262 Fed. App'x. 359, 360 (3d Cir. 2008), the district court's dismissal of a §1983 claim pursuant to *Younger* was upheld because the constitutional challenges made to the defendant's arrest, detention, and representation could be advanced at his ongoing state criminal trial. S*ee also Jones v. Bristol Twp.,* No. CV 15-5594, 2016 WL 1625552, at *3 (E.D. Pa. Apr. 21, 2016) (defendant may raise federal challenges in state court). Here, to the extent that Mr. Willis is challenging the constitutionality of the supposed lack of a sentencing order, those issues could potentially be raised in his state habeas action. *See, e.g., Brown v. Pennsylvania Dep't of Corr.*, 81 A.3d 814, 815 (Pa. 2013) (discussing a challenge to the legality of detention based on lack of sentencing order in the context of a state habeas action). Likewise, if Mr. Willis is simply seeking the production of a valid sentencing order, he also may be able to achieve this

through the pending state proceeding. *See* 42 PA. C.S. § 9545(d)(2) (providing for discovery during post-conviction proceedings); PA. R.CRIM.P. 902(E)(1); *see also Lancaster Cty. Court of Common Pleas v. Davis*, No. 828 C.D. 2015, 2015 WL 8776722, at *1, *3 (Pa. Commw. Ct. Dec. 15, 2015) (sentencing order and transcript provided in response to motions filed during state post-conviction proceeding).[3] Thus, because an adjudication of the constitutional issues raised can be achieved through a state habeas action, the third ingredient for *Younger* abstention is satisfied.

In an attempt to exempt his case from the *Younger* doctrine, Mr. Willis raises *Bradley v. Pryor*, 305 F.3d 1287, 1291-92 (11th Cir. 2002), arguing that his §1983 claim fails to "necessarily imply" the invalidity of his conviction. This assertion conflates the doctrine of abstention articulated in *Younger* with *Heck v. Humphrey*, 512 U.S. at 486-87, which distinguished the types of relief a plaintiff can seek under §1983 claims and habeas petitions. This type of analysis does little to resolve Mr. Willis's case because the fundamental question answered by *Heck* (*i.e.,* whether a claim "necessarily implies" that a conviction is invalid) stands completely distinct from the tripartite *Younger* test. Thus, because applying *Heck* to Mr. Willis's case would not result in any determination relevant to the foregoing *Younger* analysis, his argument suggesting an analogy to *Bradley* must be disregarded.

For the foregoing reasons, the Court concludes that Mr. Willis's request for a valid sentencing order implicates the doctrine of abstention promulgated in *Younger*. Therefore, the Court must abstain from this case.

---

[3] By stating that he may present the same constitutional challenges and seek the same relief in his pending state court proceeding, the Court in no way suggests that Mr. Willis's claims are meritorious, nor does the Court guarantee that he will be provided with his desired relief.

### II.     Immunity

Even if *Younger* did not bar Mr. Willis's action, the Court Defendants are immune from this suit.

#### A.  Judicial Officers

All judges enjoy judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (judges have absolute immunity); *Hafer v. Melo*, 502 U.S. 21, 29 (1991) (judicial immunity preserved under §1983).  To overcome judicial immunity, Mr. Willis would need to demonstrate that the violation of his civil rights (*i.e.*, the allegedly missing sentencing order) involved each judge undertaking either a non-judicial action or a judicial action commenced in the complete absence of jurisdiction.  *See Mireless*, 502 U.S. at 12.    Mr. Willis alleges no facts which would indicate the applicability of either of those exceptions in this instance.  Thus, the judges have immunity from this action.

#### B.  Philadelphia Court of Common Pleas

Mr. Willis's claim against the Philadelphia Court of Common Pleas cannot overcome the Court Defendants' assertion of immunity.  In *Will v. Michigan Dept. of State Police*, the Supreme Court determined that "states" were not deemed "persons" for purposes of establishing §1983 claims. 491 U.S. 58, 71 (1989).  *Will* distinguished *Monell v. New York City Dept. of Social Services*, which held that *municipalities* were "persons" under §1983, by acknowledging that states are bestowed immunity by the Eleventh Amendment.  *Id.* at 70 (citing *Monell*, 436 U.S. 658, 690 n. 54 (1978)) (emphasis added); *see* Const. amend. XI. More specifically, the Third Circuit Court of Appeals held that the Philadelphia Court of Common Pleas was entitled to Eleventh Amendment immunity because the court itself was considered a state entity.  *Callahan*, 207 F.3d at 674.  Because of their affiliation with Pennsylvania's state judiciary, courts of

8

common pleas are not considered "persons" under §1983.  *See id.* at 672, 674.   Because Mr. Willis named the court itself as a defendant, the immunity recognized in *Will* and *Callahan* attaches to the Philadelphia Court of Common Pleas.[4]  Thus, all of the Court Defendants maintain immunity from this action, and even without *Younger*, Mr. Willis's claims would be dismissed as to the Court Defendants.

### III.     Failure to State a Claim

The City filed a motion to dismiss arguing that Mr. Willis failed to allege facts that state a colorable claim against the City.  Mr. Willis urges that the City was *deliberately indifferent* to providing adequate training and supervision of municipal employees. *See Monell*, 426 U.S. at 694 (emphasis added).  To the extent that Mr. Willis's argument rests on the failure to train and supervise employees of the Philadelphia Court of Common Pleas, he has not stated a claim against the City[5] because the court is part of the state judiciary.  *See Callahan*, 207 F.3d at 674. Thus, Mr. Willis has not stated a claim against the City, and even if *Younger* did not prevent this case, the City's motion to dismiss would be granted.

---

[4] Even if the judicial officers did not enjoy immunity emanating from being judges, they would have nonetheless been immune from this suit. When an action involves the official capacity of government officials, the plaintiff typically names the officials themselves in the complaint in order to bring the action against a government entity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell*, 436 U.S. at 690. n. 55).  Therefore, to the extent that Mr. Willis named the judges as parties to further implicate the Philadelphia Court of Common Pleas in the action, immunity would also attach to the judges because the entity (*i.e.*, the state court) enjoys immunity from §1983 actions.

[5] If Mr. Willis had stated facts which would have implicated employees of the City in this action, he still would not have advanced an argument that would withstand scrutiny.  The Supreme Court "held that a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Gorman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)) (internal quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, the Court will grant the motions to dismiss filed by the Defendants. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge